**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MILLICENT BOND,**

       **Plaintiff,**

**v.**                                              **Case No: 6:13-cv-175-Orl-36DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

**ORDER**

This cause comes before the Court on Magistrate Judge David A. Baker's Report and Recommendation ("R&R"), which recommends that the Court reverse and remand the Administrative Law Judge's ("ALJ") decision denying Plaintiff Millicent Bond's ("Ms. Bond") claim for a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. 405(g) ("SSA"). Doc. 24.

After an independent *de novo* review of the record, including the Objections to the R&R ("Objections") (Doc. 25) filed by Defendant Commissioner of Social Security ("Commissioner") and Ms. Bond's response to the Objections ("Response") (Doc. 26), the Court agrees with the findings of fact and conclusions of law in the R&R.

**I.    BACKGROUND**

Ms. Bond is approximately 57 years old, has a high school diploma, has a husband on disability, can drive, and her past relevant work was as a kitchen helper and a retail clothing salesperson. R. 22-23, 39-41, 62-63, 146.

With respect to Ms. Bond's medical history, she has complained of dysfunction in her hands, pain in her back, abdomen and feet, and diabetes. R. 23-25, 35-62. Based on this history, Ms. Bond filed an application for a period of disability as well as disability insurance benefits on January 31,

2011, alleging an onset of disability on March 29, 2010. R. 19, 145-148. Ms. Bond's application was denied both initially and upon reconsideration. R. 19, 81, 91. On July 9, 2012, a hearing was held before an ALJ. R. 19, 35. On September 25, 2012, the ALJ determined that Ms. Bond was not disabled, as defined under the SSA. R. 16-27. Specifically, upon review of the record and testimony, the ALJ found that Ms. Bond has diabetes and no use of her right dominant hand, but that although these were severe impairments, they did not rise to a level severe enough to qualify as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 21-22. The ALJ additionally determined that Ms. Bond retained the residual functional capacity ("RFC") to perform light work. R. 22. Based on the RFC assessment and testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Bond could perform her past relevant work as a salesperson as that job was actually performed by her. R. 19, 27.

On December 17, 2012, the Appeals Council denied Ms. Bond's timely filed Request for Review of the ALJ's decision. R. 1-6, 14. On January 31, 2013, Ms. Bond filed this appeal for judicial review of the ALJ's decision. *See* Doc. 1.

  **A.**  **Review of a Report and Recommendation**

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

### B.     Review of an ALJ's Decision

The Court reviews the ALJ's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id*. Where the ALJ's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the ALJ's decision. 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the [ALJ's] decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [ALJ]." *Phillips*, 357 F.3d at 1240 n.8 (quotations omitted).

### C.     An ALJ's Five-Step Disability Analysis

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009). If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

**II.  DISCUSSION**

In this case, Ms. Bond asserts two main points of error: 1) that the ALJ erred by failing to consider her stooping limitations in its RFC assessment; and 2) that the ALJ failed to inquire whether Ms. Bond had any transferable skills to other work in the economy. Doc. 21 at 7-14.

**A.  The ALJ's Conclusion that Ms. Bond Could Perform Her Past Relevant Work Is Not Supported by Substantial Evidence Because the ALJ Failed to Consider Her Stooping Limitations.**

Two physicians concluded that Ms. Bond was limited in the amount of stooping she could perform. R. 26, 75, 383. These limitations, however, were not included in the ALJ's RFC assessment nor were they included in a hypothetical given to the VE. R. 22, 64-65, 67. Ms. Bond argued that these omissions meant that the ALJ's conclusion regarding her ability to perform her past relevant work as a retail clothing salesperson was not supported by substantial evidence. *See* Doc 21 at 7-10. In the Commissioner's Memorandum in Support of the Commissioner's Decision ("Memorandum"), the Commissioner conceded that the ALJ erred in failing to limit Ms. Bond to occasional stooping in the RFC assessment, but asserted that this did not prejudice her as her past relevant work only required occasional stooping. Doc. 22 at 7 n.2. The Magistrate Judge agreed with Ms. Bond and recommended that the Court remand this case so that the ALJ could consider this stooping limitation in its RFC assessment and in any VE hypothetical. R&R at 8. In its Objections, the Commissioner merely incorporated by reference all arguments that it previously asserted in its Memorandum. *See* Doc. 25.

For the reasons stated in the R&R, the Court agrees that the omission of the stooping limitation in the ALJ's RFC and VE hypothetical constitutes clear error. Therefore, the Court will reverse the

4

ALJ's decision and remand this appeal so that the ALJ can consider the stooping limitation in its RFC assessment and VE hypothetical.

### B. The ALJ Erred By Failing to Inquire Into Ms. Bond's Transferable Skills.

Ms. Bond argues that the ALJ also erred by failing to inquire into whether she had any transferable skills to other work in the economy. Doc. 21 at 11-14. The Commissioner argues that the appropriate remedy in such instance would be a remand to the ALJ for a determination of whether Ms. Bond has transferable skills. Doc. 22 at 7-8.

For the reasons stated in the R&R, the Court adopts the Magistrate Judge's recommendation to remand this appeal to the ALJ to conduct further proceedings to determine whether Ms. Bond has transferable skills.

### C. The Court Has The Authority To Order The ALJ To Conduct Hearings Within 120 Days.

The Magistrate Judge recommends that the ALJ conduct hearings on remand regarding the issues addressed herein within 120 days. R&R at 11. The Commissioner objects, citing caselaw for the proposition that "imposing a time limit like the one the magistrate judge recommended exceeds the bounds of judicial authority." Obj. at 2 (citing *Heckler v. Day*, 467 U.S. 104, 112-19 (1984); *Nowells v. Heckler*, 749 F.2d 1570, 1571 (11th Cir. 1985); and *Scott v. Bowen*, 808 F.2d 1428, 1431 n.2 (11th Cir. 1987)). However, as Ms. Bond points out in her Response, these cases are distinguishable. Resp. at 2-4. For instance, *Heckler* involved a class action and the court there specifically exempted its holding from individual actions such as this one. *See* 467 U.S. at 119 n. 33. Additionally, *Nowells* involved a medical cessation hearing that involved reinstatement of benefits until the hearing, not a hearing concerning social security disability like the one before the Court where Ms. Bond's benefits will not be reinstated until the hearing.

The Court finds that it is not precluded from compelling the ALJ to conduct a hearing on remand within 120 days.

**III.   CONCLUSION**

After careful consideration of the Magistrate Judge's Report and Recommendation, in conjunction with an independent examination of the court file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 24) is **adopted, confirmed and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

2. The decision of the ALJ of the Social Security Administration is **REVERSED and REMANDED** pursuant to sentence four (4) of 42 U.S.C. § 405(g).

3. On remand, the ALJ shall hold a hearing with Ms. Bond and a VE present, if necessary, within 120 days from the date of this Order to determine whether Ms. Bond is disabled, taking into account her stooping limitations, and to determine whether Ms. Bond has transferable skills.

3. The clerk is directed to terminate all pending motions and deadlines, enter judgment consistent with this opinion, and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge David A. Baker

6