# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MILLICENT BOND,

              **Plaintiff,**

-vs-                          **Case No.  6:13-cv-175-Orl-40DAB**

COMMISSIONER OF SOCIAL
SECURITY,

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. 2312(D) (Doc. No. 29)** |
| **FILED:** | **February 25, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

      Plaintiff's application for fees and costs follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).

      Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

Applied here, Plaintiff seeks "an award of attorney's fees in the amount of $7,878.38, paralegal fees in the amount of $24.00 for filings in CM/ECF, and costs in the amount of $350.00 to be paid directly to her attorney based on a valid assignment . . . providing that the Plaintiff does not owe any debts to the government." (Doc. 29). Counsel Carol Avard avers that she spent 31.60 hours for the preparation of this case and attorney Mark Zakhvatayev spent 8.40 hours.  Additionally, counsel spent 2.30 hours for the preparation of the fee petition, for a total of 42.3 hours claimed.  The motion is unopposed (Doc. 29 at 4), however, consistent with the Court's opinon in *Jackson v. Commissioner*, Case No. 13cv394-18DAB*,* the Court finds that the fees sought are excessive.

Assuming Plaintiff meets the requirements under the EAJA, the EAJA provides for recovery of "*reasonable* attorney's fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added).  Plaintiff bears the burden of showing that the hours requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  The motion does not persuade the Court that a total of 40 hours for the brief writing is reasonable in this case.

As the Court has found previously in a similar case, with the same counsel and firm seeking what the Court opined was an excessive fee request, Plaintiff's counsel claims 40 hours for two lawyers to draft the brief on the merits. *See Jackson v. Commissioner*, Case No. 13cv394-18DAB, Doc. 29 (Report and Recommendation) (counsel seeking 37 hours).  While the 16-page brief filed by Plaintiff in this case was adequate, it was not exceptional, and the case turned on the relatively straightforward issue of whether Plaintiff could perform her past relevant work as a salesperson, given certain stooping and crouching limitations.  On Plaintiff's second issue, seeking an immediate award of benefits, Plaintiff did not prevail, and the case was instead remanded to the ALJ for a determination of whether Plaintiff had transferable skills.  *See* Doc. 27.

As the Court commented previously in considering the earlier excessive request, there were no novel issues and the brief addressed matters which would be familiar to counsel highly experienced

in this area of the law[1].  Although the transcript in the case was only 454 pages, which is on the

smaller side for such cases, the time spent by Mr. Zakhvatayev to review the transcript and take notes

(5.0 hours), write the statement of facts (1.4 hours), and revise them (2.0 hours) in this case, was the

**exact same** itemized time as he spent in the *Jackson* case (Doc. 27 at 15 & 17), which had a **much**

**longer**, 790-page, record.

As the Court again points out, the fee sought here exceeds that recently awarded in a case

where the transcript was more than twice as long, at 956 pages. *See Vanderhorst v. Commissioner of*

*Social Sec.,* No. 6:13-CV-204-ORL, 2014 WL 547996 (M.D. Fla. Feb 11, 2014) (finding 27 hours to

prepare the brief on the merits to be "high in the Court's experience").  In *Jackson,* this Court relied

on Judge Dalton's observations in *Huntley v. Commissioner* in determining the reasonableness of fees

in this District, as opposed to the numerous non-Florida cases cited by Plaintiff:

> This Court's review of attorney's fees awarded in this district in recent months
> indicates that an award in excess of thirty hours is uncommon. *Cruz v. Colvin*, No.
> 3:12–CV–283–J–32TEM, 2013 WL 5888116, *1 (M.D.Fla. Oct.31, 2013) (finding
> 23.7 hours to be reasonable); *Stone v. Comm'r of Soc. Sec.*, No.
> 3:12–CV–637–J–MCR, 2013 WL 5487006, *2 (M.D.Fla.2013) (finding 14.2 hours to
> be reasonable); *Gonzalez v. Colvin*, No. 8:12–CV–674–T–TGW, 2013 WL 5308093,
> *1 (M.D.Fla. Sept.19, 2013) (approving unchallenged request for 19.65 hours); *Wade
> v. Comm'r of Soc. Sec.*, No. 3:12–CV–853–J–MCR, 2013 WL 5236673, *2 (M.D.Fla.
> Sept.17, 2013) (finding 18.7 hours to be reasonable); *Preston v. Colvin*, No.
> 3:12–CV–482–J–MCR, 2013 WL 4502263, *2 (M.D.Fla. Aug.22, 2013) (finding 24.5
> hours to be reasonable) *Karboski v. Colvin*, No. 8:12–CV–2033–T–33EAJ, 2013 WL
> 4437239, *2 (M.D.Fla. Aug.16, 2013) (finding 24.7 hours to be reasonable); *Kearney
> v. Colvin,* No. 8:12–CV–1961–T–33AEP, 2013 WL 3155032, *2 (M.D.Fla. June 19,
> 2013) (finding 23.3 hours to be reasonable); *Groninger v. Colvin,* No.
> 8:11–CV–1931–T–33AEP, 2013 WL 2708779, *2 (M.D.Fla. June 11, 2013) (finding
> 28.8 hours to be reasonable); *Daymon v. Colvin*, No. 3:11–CV–1108–J–MCR, 2013
> WL 2479962, *2 (M.D.Fla. June 10, 2013) (finding 29 hours to be reasonable); *Spahiu
> v. Colvin*, No. 3:11–CV–1138–J–MCR, 2013 WL 2431969, *2 (M.D.Fla.2013)
> (finding 20.8 hours to be reasonable); *Zupo v. Colvin*, No. 8:11–cv–2857–T–TGW,
> 2013 WL 2352198, *2 (M.D.Fla. May 29, 2013) (finding 21.90 hours to be
> reasonable); *White v. Comm'r of Soc. Sec.*, No. 3:12–cv–367–J–MCR, 2013 WL
> 1760221, *1 (M.D.Fla. April 24, 2013) (finding 21.5 hours to be reasonable).

---

[1]*See Jackson* Report and Recommendation, *supra*.

*Huntley v. Commissioner of Social Sec.*, No. 6:12–cv–613–Orl–37TBS, 2013 WL 5970717, *2 n. 1 (M.D. Fla. Nov. 8, 2013). Similar to *Jackson*, the Court concludes that Plaintiff has not met her burden of establishing that the fee sought here is reasonable.

A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 806 (11th Cir. 2011); *Jackson*, No. 13cv394-18DAB (Doc. 27) (reducing attorney time to 24 from 31.6 hours as reasonable for preparation of the brief). Here, Ms. Avard spent 31.6 hours on preparation of the opposition brief and attorney Mark Zakhvatayev spent an additional 8.40 hours solely on the statement of facts. The attorneys spent an additional 2.3 hours on the preparation of the Motion for fees, which the Court also finds excessive for the virtually identical cookie cutter motion, identical to the one filed in *Jackson*. The Court will reduce the overall time by 8 hours to accommodate the excessiveness of the hours as discussed. Thus, the Court finds a reasonable number of attorney-hours for the work completed in this case is 34.3 hours (42.3 - 8.0 = 34.3). *See* Doc. 29 at 15-16.

As the Court found in *Jackson,* a reasonable rate for counsel may be calculated based on factoring in the statutory rate of $125.00 per hour and adjusting for a cost of living increase based on the Consumer Price Index. *See Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). In this case, Plaintiff seeks $186.20 per hour for time spent in 2013. The Commissioner has not filed any objection. The brief was prepared and filed in 2013; with the reduction of hours recommended above, a reasonable fee is $6,388.38

($7,878.38 [attorney's fees claimed] minus $1,490 [8.0 hours x $186.25]), plus costs in the amount of $350.00.[2] It is **recommended** that **$6,388.38** be awarded as reasonable under the EAJA.

With respect to the request for the government to accept the tendered assignment and pay any EAJA award directly to counsel, any agreement between the parties as to payment of the judgment is outside the purview of the judgment, and the parties may make whatever collection arrangements that they wish. For present purposes, the Court declines to recommend that the government reimburse counsel directly. *See Astrue v. Ratliff*, 560 U.S.586, 130 S. Ct. 2521, 177 L.Ed. 2d 91 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

It is therefore **respectfully RECOMMENDED** that the motion be **granted**, in part, and that the Clerk be directed to enter judgment for attorney's fees in Plaintiff's favor accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 15, 2014.

*David A. Baker*
                DAVID A. BAKER
           UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2]Although Plaintiff claims $24 in paralegal fees, the Court does not recommend that this be awarded. According to the papers filed, the paralegal tasks consist of filing notices with the Court. As Magistrate Judge Smith has noted, "filing notices with the court are typically seen as clerical work." *Huntley*, *supra* 2013 WL 5970717, *4.